IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**SYLVIA ANN HOUSTON**                                                  **PLAINTIFF**

**V.**                      **CIVIL ACTION NO. 3:19CV799 HTW-LRA**

**ANDREW SAUL,**
**COMMISSIONER OF SOCIAL SECURITY**                      **DEFENDANT**

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Sylvia Ann Houston, proceeding *pro se,* appeals the final decision denying her application for Social Security Income (SSI). The Commissioner requests an order pursuant to 42 U.S.C. § 405(g), affirming the final decision of the Administrative Law Judge. Having carefully considered the hearing transcript, the medical records in evidence, and all the applicable law, the undersigned recommends that the decision should be affirmed.

On July 16, 2018, Plaintiff filed an application for SSI alleging disability due to depression, headaches, low vision, muscle spasms, bipolar disorder, head fractures, and cysts. She was 44 years old at the time of filing, with three years of college and past work experience as a machine operator and housekeeper. Following agency denials of her application, an Administrative Law Judge ("ALJ") rendered an unfavorable decision finding that she had not established a disability within the meaning of the Social Security Act. The Appeals Council denied Plaintiff's request for review. She now appeals that decision.

Upon reviewing the evidence, the ALJ concluded that Plaintiff was not disabled under the Social Security Act. At step one of the five-step sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her application date. At steps two and three, the ALJ found that although Plaintiff's substance-induced depression was medically severe, it did not meet or medically equal any listing. At step four, the ALJ found that Plaintiff had the residual functional capacity to perform a full range of exertional work with the following nonexertional limitations:

> The claimant can perform simple, repetitive tasks, which means she can understand, remember, and carry out simple tasks; and occasionally interact with supervisors, coworkers, and the public. She can perform no job with a fast production pace which are tasks having to be performed with a strict guideline. She can adapt to only occasional changes in the workplace processes.[1]

Based on vocational expert testimony, the ALJ concluded that given Plaintiff's age, education, work experience, and residual functional capacity, she could perform work as a laundry laborer, cook helper, and linen room attendant.

## Standard of Review

The Court's review of the ALJ's decision is limited to two basic inquiries: "(1) whether there is substantial evidence in the record to support the [ALJ's] decision; and (2) whether the decision comports with relevant legal standards." *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996) (citing *Carrier v. Sullivan*, 944 F.2d 243, 245 (5th Cir. 1991)). Evidence is substantial if it is "relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need

---

[1] ECF No. 12, p. 31.

not be a preponderance." *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995) (quoting *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992)).  This Court may not re-weigh the evidence, try the case *de novo*, or substitute its judgment for that of the ALJ, even if it finds evidence that preponderates against the ALJ's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994).

 A claimant's entitlement to disability benefits hinges on whether he can establish his inability "to engage in any substantial gainful activity by reason of [a] medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." *Id.* at 435 (quoting 42 U.S.C. § 416(i), 423(d)(1)(A)).  The Commissioner reviews the evidence of disability offered by the claimant and evaluates the evidence by using a sequential evaluation.[2]  The burden of proof on the first four steps falls on the claimant; the burden of proof on the last step— whether a claimant can perform work existing in significant numbers in the national economy—rests with the Commissioner.  Significantly, the Commissioner only has the burden of proof at step five, while the claimant has the burden of making the threshold showing that the impairment is medically severe at step two.  If the ALJ finds that the claimant is disabled or is not disabled at any step in the evaluation, the analysis is terminated.

---

[2] Under C.F.R. § 404.1520, the steps of the sequential evaluation are: (1) Is plaintiff engaged in substantially gainful activity? (2) Does plaintiff have a severe impairment? (3) Does plaintiff's impairment(s) (or combination thereof) meet or equal an impairment listed in 20 C.F.R. Part 404, Sub-part P, Appendix 1? (4) Can plaintiff return to prior relevant work? (5) Is there any work in the national economy that plaintiff can perform? *See also McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999).

## Discussion

Plaintiff claims that she is unable to work because depression and constant, unremitting pain prevent her from performing nearly all activities. While she can manage her finances and attend to her personal needs with some assistance, chronic headaches and foot pain make it difficult to perform postural and exertional activities. She also has trouble with remembering, completing tasks, concentrating, following instructions, getting along with others, and handling stress or changes in her routine due to depression. As a result, she spends most of her days lying down, sleeping and crying.[3]

On appeal, Plaintiff does not assert any specific assignments of error but contends generally that the ALJ erred in denying her application for benefits. Because she is a *pro se* litigant, the Court applies less stringent standards in interpreting her arguments than it would in the case of a represented party. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). Liberally construed, Plaintiff alleges that the ALJ failed to consider that she suffers from borderline schizophrenia, acute cystitis hematuria, a vaginal stem, walking difficulty, and diabetic neuropathy which "causes severe pain in [her] arms, hands, legs, and feet." However, substantial evidence supports the denial of benefits in this case.[4]

In evaluating the evidence, the ALJ considered Plaintiff's subjective complaints in compliance with social security rulings and regulations, but he concluded that the complaints were not credible to the extent alleged. An ALJ cannot ignore altogether a

---

[3] ECF No. 12, pp. 90-116.

[4] ECF No. 13.

4

claimant's subjective complaints of pain, *Bowling*, 36 F.3d at 438, but "subjective complaints of pain must also be corroborated by objective medical evidence." *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001). When a claimant's statements concerning the intensity, persistence, or limiting effects of symptoms are not supported by objective evidence, the ALJ has the discretion to make a finding on their credibility. *Foster v. Astrue*, 277 F. App'x 462 (5th Cir. 2008). The ALJ's credibility determination is entitled to considerable deference and is supported by substantial evidence here.

Examination records and diagnostic testing fail to show that Plaintiff suffers from any physical impairments. The objective medical evidence did not establish that Plaintiff had problems with her feet or that intracranial abnormalities accounted for her headache complaints. Though the record confirms diagnoses for substance-induced depression and mild cannabis use disorder, there is no diagnosis for bipolar schizophrenia. Rather, records from Life Help Mental Health Center reflect that Plaintiff's depression was well-managed with medication and she remained capable of work within the limits of her residual functional capacity. Emergency room visits in 2017 and 2018 do reveal that Plaintiff reported auditory hallucinations and complained of not being herself. She tested positive for THC at each visit, but her psychological evaluation was otherwise within normal limits. [5]

In reviewing Plaintiff's disability claim, the ALJ applied the new regulatory standard for evaluating treating source opinions. 20 C.F.R. § 404.1520c(a) (2017).

---

[5] ECF No. 12, pp. 357-487.

Under the new standard, supportability and consistency of medical opinions are "the most important factors" to be considered when evaluating the persuasiveness of medical opinions. The ALJ "*may*, but [is] not required to," explain how he considered the following factors: (1) the medical source's relationship with the claimant, including the length of the relationship and the frequency of examination, (2) the medical source's area of specialization, and (3) "other factors that tend to support or contradict a medical opinion or prior administrative medical finding." § 404.1520c(c)(3)-(5).

The only treating source of record to complete a work assessment in this case was a licensed social worker ("LSW") from Life Help. Upon applying the new treating source standard, the ALJ found the LSW's opinion was persuasive because it was consistent with and supported by the evidence. The ALJ explained as follows:

> . . . The LSW opined the claimant had no problems maintaining attention or concentration to complete tasks, or relating to others though she was socially withdrawn. The LSW surmised the claimant had a good ability to follow work rules; function independently; maintain attention and concentration; and understand, remember, and carry out simple instructions. She had a fair ability to relate to coworkers; use judgment; maintain personal appearance; and understand, remember, and carry out detailed but not complex instructions. She had poor ability to deal with work stress, behave in an emotionally stable manner, and demonstrate reliability. The undersigned finds this opinion persuasive, as it is supported by a long-term treating relationship and is consistent with other evidence.[6]

Plaintiff objects to the ALJ's conclusions but she does not rebut his well-reasoned analysis or good cause with any evidence to the contrary.

---

[6] ECF No. 12, p. 30.

It is the sole responsibility of the ALJ to interpret the medical evidence to determine a claimant's residual functional capacity for work. *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012). Based on the evidence here, the ALJ found that Plaintiff could perform a full range of light work so long as she is restricted to occasional interaction with others, and simple, repetitive tasks, with no fast production pace, strict guidelines or more than occasional workplace changes. This finding is consistent with the LSW's assessment that Plaintiff could work despite her allegations of disabling depression. Absent evidence that Plaintiff's impairments impact her ability to perform work-related activities beyond the limitations indicated in the ALJ's residual functional capacity assessment, the undersigned finds no basis for reversal or remand. The mere fact that working may cause Plaintiff pain or discomfort does not mandate a finding of disability, particularly where substantial evidence indicates that she can work despite being in pain or discomfort, as it does here. *See Epps v. Harris*, 624 F.2d 1267, 1274 (5th Cir. 1980); *Johnson v. Heckler*, 767 F.2d 180, 182 (5th Cir. 1985).

Moreover, the record reflects that Plaintiff's depression is well-controlled with medication. A medical condition that can be reasonably remedied by treatment or medication is not disabling. *Lovelace v. Bowen*, 813 F.2d 55, 59 (5th Cir. 1987). The undersigned notes Plaintiff's assertions on appeal that she is unable to afford her medication. It is well-settled that if "the claimant cannot afford the prescribed treatment or medicine, and can find no way to obtain it, the condition that is disabling in fact continues to be disabling in law." *Id.* at 59. However, where there is no evidence of a disabling condition, a claimant's inability to afford treatment is irrelevant. *Fellows v.*

7

*Apfel*, 211 F.3d 125 (5th Cir. 2000). The record fails to establish that Plaintiff had disabling mental limitations without medication.

In sum, substantial evidence supports the ALJ's finding that Plaintiff can work subject to the limitations of her residual functional capacity. The undersigned's review of the record compels a finding that the ALJ applied the correct legal standards in reaching this decision. Plaintiff offers no other arguments on appeal that are proper or germane to the denial of her disability claim. For these reasons, the undersigned recommends that the Commissioner's decision be affirmed, and that Plaintiff's appeal be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the Local Uniform Civil Rules of the United States District Courts for the Southern District of Mississippi, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective

December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on December 29, 2020.

                                                  s/ Linda R. Anderson  
                                        UNITED STATES MAGISTRATE JUDGE